**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

MYEKEAL D. WYNN,

        Plaintiff,

    v.

CITY OF INDIANAPOLIS, *et al.*,

        Defendants.

Case No. 1:25-cv-1608-TWP-TAB

## CASE MANAGEMENT PLAN

### I.    Parties and Representatives

A.    Plaintiff:    Myekeal Deaire Wynn

        Defendants:    City of Indianapolis
        Christopher Bailey
        Michael McCalip
        Matthew Harris
        Ryan Mears
        William Evan Wire

B.    Plaintiff *pro se*:    Myekeal Deaire Wynn
        7952 Echo Grove Pl
        Indianapolis, IN 46236
        Ph: (317) 332-3631
        Email: myekeal@gmail.com

        Defendant's Counsel:  Caitlin Wilkinson
        Mathew Rayman
        Office of Corporation Counsel
        200 E Washington St.
        Suite 1600
        Indianapolis, IN 46204
        Ph: (317) 327-4055
        Email: caitlin.wilkinson2@indy.gov
        mathew.rayman2@indy.gov
        *Counsel for City of Indianapolis, Christopher Bailey, Michael McCalip,*
        *Matthew Harris*

        Katherine A. Meltzer

Alexander Robert Carlisle
Eric Leveque
Deputy Attorneys General
OFFICE OF ATTORNEY GENERAL TODD ROKITA
302 West Washington Street
Indiana Government Center South, 5th Floor
Indianapolis, IN 46204
Phone: (317) 233-7554 (Meltzer)
      (317) 234-6667 (Carlisle)
      (317) 232-2762 (Leveque)
Fax: (317) 232-7979
Email: Katherine.Meltzer@atg.in.gov
      Alexander.Carlisle@atg.in.gov
      Eric.Leveque@atg.in.gov
*Counsel for Ryan Mears, William Evan Wire*

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.    Jurisdiction and Statement of Claims

A.    The Court has subject matter jurisdiction under 28 U.S.C. § 1331 given Plaintiff asserts claims under 42 U.S.C. § 1983.

B.    Plaintiff: Plaintiff asserts claims under the First, Fourth, Fifth, and Fourteenth Amendment as well as ancillary claims of failure to intervene and *Monell* liability against the named City and State Defendants. This case arises from Plaintiff's arrest on December 16, 2025. Against City Defendants, Plaintiff alleges excessive force, violation of the First Amendment, and Due Process claims arising from material misstatements of fact by Matthew Harris. Harris and McCallip assaulted Plaintiff for recording and commenting on a law enforcement interaction using the Indiana Buffer law as pretext. Plaintiff resisted the assault initially, but Plaintiff then surrendered. Even though Plaintiff surrendered, Harris and McCallip continued to use force on Plaintiff including choking Plaintiff and attempting to break his arm. Neither Harris nor McCallip knew that the interaction was being recorded so Harris included materially false statements in his probable cause affidavit.

This Court entered an injunction restraining, *inter alia*, the Marion County Prosecutor's Office ("MCPO") from enforcing the buffer law against anyone while Plaintiff's criminal case was pending. The MCPO and specifically William Wire, had specific knowledge of the injunction's existence. Wire also knew that Plaintiff intended to sue Harris and McCallip. Wire wanted to protect Harris and McCallip from suit, so he insisted on pursuing the buffer law conviction even though he knew he was prohibited from doing so. Wire also coerced Plaintiff into writing a letter of apology to McCallip and Harris, to aid them in Plaintiff's lawsuit. Plaintiff wanted to take accountability for resisting, but Wire refused to offer any plea that did not include a conviction under the buffer law. Wire's desire was to *Heck* bar Plaintiff's claims against Harris and McCallip. In taking those actions, Wire abdicated the role as advocate for the state and functionally represented Harris and McCallip.

2

After Plaintiff filed this lawsuit, upon information and belief, Wire retaliated against Plaintiff by contacting his employer about this lawsuit and filing a disciplinary complaint against Plaintiff.

Plaintiff's claims are not *Heck* barred because the buffer law conviction was *void* ab initio as a matter of law. Plaintiff's claims are also not *Heck* barred because they can be read harmoniously with Plaintiff's convictions.

City Defendants are not entitled to qualified immunity because their actions violated clearly established constitutional rights. State Defendants are not entitled to absolute immunity because Wire took action outside of the prosecutorial function by functionally representing McCallip and Harris. State Defendants are also not entitled to qualified immunity because the contours of due process are sufficiently clear that any reasonable person would have known that prosecuting under an enjoined statute violates due process and that retaliating against a person for filing a lawsuit violates the First Amendment.

C.   <u>City Defendants</u>: Defendants deny wrongdoing and, more specifically, deny that they violated any state or federal laws. Additionally, Defendants are entitled to immunity such as qualified immunity and law enforcement immunity. Defendants further assert the following defenses: failure to mitigate damages; the limitation of liability under Indiana Code § 34-13-3-4; and immunity under the Indiana Tort Claims Act. Defendants reserve the right to amend their defenses as this matter progresses

D.   <u>State Defendants</u>: State Defendants Ryan Mears and William Evan Wire deny all claims asserted against them. State Defendants in their respective official capacities are not a "person" under Section 1983 for damages claims, and the Eleventh Amendment precludes this Court's exercise of jurisdiction over the same. In addition, State Defendants are entitled to absolute prosecutorial immunity from Mr. Wynn's Fifth and Fourteenth Amendment damages claims, and *Reps. Comm. for Freedom of the Press v. Rokita*, 147 F.4th 720, 727 (7th Cir. Aug. 5, 2025) did not preliminarily enjoin Plaintiff's unlawful encroachment conviction under Indiana's first buffer law. Plaintiff's Fifth and Fourteenth Amendment claims are *Heck* barred. Plaintiff's *Monell* claim is not cognizable against Prosecutor Mears because he is a state official and head of Marion County Prosecutor's Office, which is a state entity. Plaintiff's First Amendment retaliation claims also fail. As to the alleged employer reporting, Plaintiff failed to allege any adverse deprivation as a result of government action. And any reporting of Plaintiff's convictions to Indiana's Disciplinary Commission occurred pursuant to ethical obligations under the Indiana Rules of Professional Conduct. Because Plaintiff has no viable constitutional claim against State Defendants, his failure to intervene claim also fails. In addition to absolute immunity, State Defendants are also entitled to qualified immunity concerning Plaintiff's Fourteenth Amendment due process claim for damages and his First Amendment claims, as it is not clearly established that: reporting pursuant to an ethical obligation of a person's licensure is retaliatory, and that a preliminary injunction confined to particular suing plaintiffs should apply beyond those parties.

3

### III.  <u>Pretrial Pleadings and Disclosures</u>

A.  The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **December 1, 2025**.

B.  Plaintiff(s) shall file preliminary witness and exhibit lists on or before **December 8, 2025**.

C.  Defendant(s) shall file preliminary witness and exhibit lists on or before **December 15, 2025**.

D.  All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **January 13, 2026**.

E.  Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **January 13, 2026**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto **within 30 days after receipt of the proposal**.

F.  Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **July 13, 2026**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **August 12, 2026**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **August 12, 2026**.

G.  Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior to the dispositive motion deadline**. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **October 12, 2026**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.  All parties shall file and serve their final witness and exhibit lists on or before **November 12, 2026**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

4

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      <u>Discovery of electronically stored information ("ESI")</u>.

Neither party anticipates the production of a substantial amount of ESI. The parties anticipate that discovery will include production of documents, including law enforcement investigation records and reporting, body cam video footage, and electronic email communications and/or audio files.

Discovery may be produced in its original format, native format, and/or in PDF format. ESI shall be produced in the manner maintained by the party, and in native format to the extent possible. ESI must continue to be preserved in its original native format including its accompanying metadata. The parties reserve the right to seek metadata if warranted after initial production.

Further, the parties agree that in the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.    Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.    State Defendants anticipate filing a motion for summary judgment on all claims. State Defendants are immune to Plaintiff's Fourteenth Amendment due process claim, as it concerns well established prosecutorial functions, including continued prosecution and plea bargaining, in the relevant criminal cases that are entitled to absolute immunity. The undisputed facts show that Plaintiff's Fifth and Fourteenth Amendment claims are *Heck* barred. State Defendants also anticipate that the undisputed evidence will establish that neither State Defendant reported this case to Plaintiff's employer. Thus, Plaintiff cannot show any adverse employment deprivation attributable to State Defendants, nor any retaliatory conduct. In addition, State Defendants anticipate that discovery will undisputedly reveal that reporting of Plaintiff's state court convictions to the Indiana Disciplinary Commission was consistent with Marion County Prosecutor's Office policies and ethical obligations for Indiana licensed attorneys.

B.    City Defendants anticipate filing a motion for summary judgment on all claims. City Defendants are not liable due to immunities to which they are entitled, included but not limited to qualified immunity and law enforcement immunity, and Plaintiff's claims are *Heck*-barred.

C.    On or before **June 19, 2026**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.    Select the track that best suits this case:

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

   X       Track 2: Dispositive motions are expected and shall be filed by **August 13, 2026**; non-expert witness discovery and discovery relating to liability issues shall be completed by **June 12, 2026**; expert witness discovery and discovery relating to damages shall be completed by **November 13, 2026**. All remaining discovery shall be completed by **December 11, 2026**.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

**V.**     **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in May 2026.**

**VI.**     **Trial Date**

The parties request a trial date in **Feburrary 2027**. The trial is by **jury** and is anticipated to take **3 days**. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

**VII.**     **Referral to Magistrate Judge**

A.     **Case**. At this time, all parties <u>do not</u> consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.     **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.**     **Required Pre-Trial Preparation**

A.     **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.     File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.  Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.  Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.  A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a.  brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b.  if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.  Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.  Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.  **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.  Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.  If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections

shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    Other Matters

State and City Defendants filed a motion to dismiss all claims asserted against them pursuant to Federal Rule of Civil Procedure 12(b)(6), in response to Plaintiff's amended complaint (Dkt. 22).

The parties agree that the protective order in the related state court criminal case terminated with closure of the case in state court.

In addition, the parties anticipate that material produced in discovery may include personnel records, confidential investigation records, and medical records. The disclosure of the above material could result in economic harm or invade the privacy of individuals. If so, a protective order will be needed to cover some or all of the above. The parties will agree to use the Uniform Stipulated Protective Order as provided by the Southern District of Indiana.

Respectfully submitted,

/s/ Myekeal D. Wynn
Myekeal Deaire Wynn
7952 Echo Grove Pl
Indianapolis, IN 46236
Ph: (317) 332-3631
Email: myekeal@gmail.com
Plaintiff

/s/ Caitlin Wilkinson (with permission)
Caitlin Wilkinson
Mathew Rayman
Office of Corporation Counsel
200 E Washington St.
Suite 1600
Indianapolis, IN 46204
Ph: (317) 327-4055 (Wilkinson)
    (317) 327-4055 (Rayman)
Email: caitlin.wilkinson2@indy.gov
        mathew.rayman2@indy.gov
Counsel for Defendants City of Indianapolis, Christopher Bailey, Michael McCalip, Matthew Harris

/s/ Katherine A. Meltzer
Katherine A. Meltzer
Alexander Robert Carlisle
Eric Leveque
Deputy Attorneys General
OFFICE OF ATTORNEY GENERAL TODD ROKITA
302 West Washington Street
Indiana Government Center South, 5th Floor
Indianapolis, IN  46204
Phone: (317) 233-7554 (Meltzer)
        (317) 234-6667 (Carlisle)
        (317) 232-2762 (Leveque)
Fax: (317) 232-7979
Email:  Katherine.Meltzer@atg.in.gov
        Alexander.Carlisle@atg.in.gov
        Eric.Leveque@atg.in.gov
Counsel for State Defendants Ryan Mears, William Evan Wire

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| X | PLAINTIFF APPEARED IN PERSON AND DEFENDANTS APPEARED BY COUNSEL ON OCTOBER 30, 2025, FOR A TELEPHONIC INITIAL PRETRIAL CONFERENCE. |
| X | CMP APPROVED AS AMENDED (TRIAL DATE SHOULD BE **MARCH 2027**). |
| X | **A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR MARCH 16, 2026, AT 1:30 P.M.** BEFORE MAGISTRATE JUDGE BAKER. THE PURPOSE OF THIS CONFERENCE IS TO DISCUSS CASE STATUS AND SETTLEMENT. **PLAINTIFF SHALL PARTICIPATE IN THIS CONFERENCE BY CALLING THE COURT AT 317-229-3660.** THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
| | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY **JUNE 12, 2026**.<br><br>DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **AUGUST 13, 2026**. |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 10/30/2025

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MYEKEAL DEAIRE WYNN
7952 Echo Grove Pl
Indianapolis, IN 46236