UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MYEKEAL DEAIRE WYNN,                     )
                                         )
             Plaintiff,                   )
                                         )
      v.                                  )      No. 1:25-cv-01608-TWP-TAB
                                         )
CHRISTOPHER BAILEY in their official      )
capacities, et al.,                       )
                                         )
             Defendants.                  )

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Myekeal Deaire Wynn filed a motion seeking to compel more complete discovery responses from Defendant William Evan Wire.  [Filing No. 73.]  Wire opposes the motion and argues that he responded appropriately to the discovery and that Plaintiff did not comply with S.D. Ind. Local Rule 37-1.  [Filing No. 83.]  The motion to compel [Filing No. 73] is denied as non-compliant with local rules.

"Discovery is intended to be a self-regulating process that depends on the reasonableness and cooperation of counsel."  *E.E.O.C. v. Simply Storage Management, LLC*, 270 F.R.D. 430, 436 (S.D. Ind. 2010) (citing Fed. R. Civ. P. 37(a)(1)).  Local Rule 37-1(a) requires a "real-time interaction" to discuss a discovery dispute before asking the Court for assistance.  *Loparex, LLC v. MPI Release Techs., LLC*, No. 1:09-CV-1411-JMS-TAB, 2011 WL 1871167, at *2 (S.D. Ind. May 16, 2011).  Letters and email exchanges do not suffice.  *Id.*  ("An electronic ultimatum is not a good faith attempt to resolve a discovery dispute.  Rather, the local rule contemplates an actual meeting with a date, time, and place—whether by telephonic, videoconference, or (if counsel's location permits) preferably face-to-face.").  Plaintiff's motion to compel does not

1

detail the efforts taken to resolve the dispute without Court intervention.  Vaguely stating that Plaintiff "reached out to Counsel for Wire and offered Counsel for Wire ample opportunities to cure the deficient discovery" does not satisfy the meet and confer requirement.  [Filing No. 73, at ECF p. 1.]

Moreover, parties must discuss all discovery grievances before those grievances are ripe for Court intervention.  Even if parties cannot resolve all discovery disputes, they must try to limit the scope of the dispute before seeking Court intervention.  Wire states that the parties never discussed Plaintiff's objections related to interrogatories and privileged materials before Plaintiff filed the motion to compel.  [Filing No. 83, at ECF p. 1.]  Plaintiff did not dispute that in his reply.  [Filing No. 87.]  Local Rule 37-1(a)'s meet and confer requirement is unmet.

Last, Local Rule 37-1(b) authorizes a party to file a motion to compel only after the parties attempt to resolve the dispute at a conference with the magistrate judge.  No party has contacted the Court to request a discovery conference.

For these reasons, Plaintiff's motion to compel [Filing No. 73] is denied.  The parties shall engage in a real-time meet and confer in a professional and good faith attempt to resolve or narrow the discovery dispute.  If material discovery disputes survive the meet and confer, Plaintiff may contact the magistrate judge to request a Local Rule 37-1(a) conference.

Date:  3/31/2026

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MYEKEAL DEAIRE WYNN
7952 Echo Grove Pl
Indianapolis, IN 46236